WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—October, 1882.

BERTINE V. HUBBELL.

*In the matter of the probate of the will of* ZIPPORAH BERTINE, *deceased.*

Under Code Civ. Pro., § 2558, subd. 3, forbidding an award of costs "to an unsuccessful contestant of the will, unless he is . . . . named as an executor in a paper *propounded by him* in good faith, as the last will of the decedent," the court may grant costs to an executor who has, in good faith, but unsuccessfully, opposed an application to revoke probate of the will under which he received letters, and to admit to probate a paper propounded as a later will,—he being within the equity of the statute.

A PAPER, purporting to be the last will and testament of the deceased, bearing date February 22d, 1881, was offered for, and, on November 9th, 1881, duly admitted to probate; whereupon letters testamentary were issued to Edwin R. Bertine, the executor therein named, On December 23d, 1881, another paper, bearing date August 30th, 1881, was presented to the court by one Hubbell, named as executor therein, as the last will of the deceased, accompanied by a petition praying for the revocation of the probate of the former one, and that the

later paper be admitted to probate as her last will and testament.

After a contest, the later paper was decreed to be such last will, and the former probate was revoked.   The contestant, the executor of the earlier will, then moved for an order allowing him his costs in the matter.

C. H. ROOSEVELT, *for the motion.*

WALTER S. COWLES, *opposed.*

THE SURROGATE.—Under the provisions of section 2558 of the Code, where a will is propounded for probate, and a contestant propounds, in good faith, a paper in which he is named as executor, and seeks to have it established as the last will, to the exclusion of any other, he may, in case of failure, be awarded costs.   I am inclined to think that, where the paper has already been admitted to probate, and a subsequent and successful effort, resisted by him in good faith, is made to revoke it and establish another paper as the last will, he is entitled to costs as in the former case.   The reason for allowing costs in the one case is as strong as in the other, the spirit of the contest in both cases being the same.   I think, therefore, the section warrants the allowance of costs to the contestant who was executor of the former will, the probate of which is now revoked, there being no doubt as to his having acted in good faith.   The motion must be granted.

Ordered accordingly.